IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JAMES RANDALL COON, ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | No. 3:16-CV-121-B |
| ) | |
| LORIE DAVIS, Director, TDCJ-CID, ) | |
|     Respondent. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow.

**I.  Procedural Background**

Petitioner filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges his conviction for aggravated assault, enhanced by two prior felony convictions. *State of Texas v. James Randall Coon*, No. 19,562 (196th Dist. Ct., Hunt County, Tex., June 21, 2000). Petitioner was sentenced to life in prison.

On February 28, 2002, the Fifth District Court of Appeals affirmed Petitioner's conviction and sentence. *Coon v. State*, No. 05-00-01573-CR (Tex. App. – Dallas, 2002).

Petitioner filed his first state habeas petition arguing he received ineffective assistance of appellate counsel and that counsel failed to inform him that he could file a petition for

discretionary review ("PDR"). *Ex parte Coon*, No. 80,171-01 On January 8, 2014, the trial court found that Petitioner received ineffective assistance of appellate counsel and that appellate counsel failed to inform Petitioner that he could file a PDR. On March 12, 2014, the Texas Court of Appeals granted Petitioner leave to file an out-of-time PDR and dismissed his other ineffective assistance of appellate counsel claims without prejudice.

On June 24, 2014, Petitioner filed his pro se out-of-time PDR. On September 17, 2014, the Court of Criminal Appeals refused the petition.

On May 27, 2015, Petitioner filed his second state habeas petition. *Ex parte Coon*, No. 80,171-02. The trial court did not rule on the petition, and the petition was forwarded to the Court of Criminal Appeals. On October 28, 2015, the Court of Criminal Appeals denied the petition without written order.

On January 8, 2016, Petitioner filed the instant § 2254 petition. He argues he received ineffective assistance of appellate counsel when counsel:

(1) failed to inform him he could file a PDR;

(2) failed to adequately brief claims on appeal and failed to show a command of the trial record; and

(3) failed to preserve claims for appellate review.

On May 3, 2016, Respondent filed her answer. On June 7, 2016, Petitioner filed a reply. The Court now finds the petition should be denied.

## II. Factual Background

The following factual background is taken from the appellate court's decision.

Deborah Whisenhunt testified that she was returning to Dallas on Interstate 30 after visiting her family in Arkansas for the holidays. As Whisenhunt changed from the right

to the left lane, a white sport utility vehicle (SUV) suddenly came across the median and entered into traffic behind her. The SUV passed Whisenhunt on the dirt median. As the SUV attempted to come back onto the interstate, it lost control and spun three or four times. Whisenhunt slowed down, and then continued on her way. Two or three minutes later, the SUV pulled beside Whisenhunt on the right side, swerved toward her three times, backed off, and then pulled up "very close" behind her. Whisenhunt saw that a man was driving the SUV. Whisenhunt was scared, looking for a place to stop. She unbuckled her seatbelt so that she could reach her cellular telephone to call 911. As she turned on the telephone, she looked in her rearview mirror and saw the SUV coming toward her. Although the SUV had room to pass, it rammed Whisenhunt at a high rate of speed. Whisenhunt's car rolled several times, breaking her neck in two places and severely injuring her arm. She was taken by helicopter to a hospital in Dallas where she remained for five weeks.

  Roshanak Mehdibeigi saw appellant driving the SUV traveling at a high rate of speed, weaving in and out of traffic through the median. Mehdibeigi was behind the SUV and Whisenhunt's car. Because "every turn she was taking – she stopped he stopped, she started he followed. It was . . . very obvious" to Mehdibeigi that the SUV was chasing Whisenhunt. After Whisenhunt's car flipped, Mehdibeigi stopped at the scene. Appellant did not stop. About five minutes later he approached the scene using a frontage road. Appellant go out of the SUV, leaned against it, and smoked a cigarette. A short time later, appellant got into a fist fight with another witness to the accident.

  Shelly Ann Sims, Mehdibeigi's roommate, was in the car with Mehdibeigi. Like Mehdibeigi, Sims thought appellant was chasing Whisenhunt and that he intentionally rammed her car. According to Sims, Whisenhunt tried to avoid appellant, allowing him room to pass, and slowing down but "[n]o matter what she did to try and get away he stuck to her." Sims testified that appellant continued to follow Whisenhunt for what "seemed like an eternity. It was – I don't know, it may have been fifteen miles or something." Later, when appellant approached the scene and stopped, Sims saw him get out of the driver's side of the car and "motion for his passenger, the female, to scoot over into the driver's seat." Sims also saw appellant try to hit another witness and his wife.

  Brian Laney, a trooper with the Texas Department of Public Safety, testified that he is an expert in accident reconstruction. Based on his observations at the scene and interviews with witnesses, he determined that the collision was an intentional act. According to Laney, appellant was traveling at least 68 miles per hour and accelerating when he made a sharp turning movement toward Whisenhunt. The impact cause Whisenhunt to lose control of the vehicle, rolling several times.

*Coon v. State*, No. 05-00-01573-CR at *1-3.

### III. Discussion

1. **Standard of Review**

The pertinent terms of the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), 28 U.S.C. § 2254 provide:

> (d) An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

*See* 28 U.S.C. § 2254(d). Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 380-84 (2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal principle from the United States Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *Id.*

2. **Ineffective Assistance of Counsel**

Petitioner claims he received ineffective assistance of counsel. To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive

Petitioner of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*.

Even if counsel is proven deficient, a petitioner must prove prejudice. To prove such prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id*. "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id*. (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

**(A)    Petition for Discretionary Review**

Petitioner argues his counsel was ineffective when counsel failed to inform him that he could file a PDR after the court of appeals affirmed his conviction and sentence.

Petitioner raised this claim in his first state habeas petition. The state trial court held an evidentiary hearing and determined Petitioner received ineffective assistance of counsel when his appellate counsel failed to inform him that he could file a PDR. The Court of Criminal Appeals then granted Petitioner leave to file an out-of-time PDR. Since Petitioner was granted leave to file an out-of-time PDR, he has failed to show he suffered the required *Strickland* prejudice. This claims should be denied.

**(B)     Claims 1 through 4 of Appellate Brief**

Petitioner argues he received ineffective assistance of counsel when counsel failed to properly brief claims 1 through 4 of his appellate brief and failed to have a proper command of the trial record regarding these claims.

In claims 1 through 4 of his appellate brief, Petitioner argued he received ineffective assistance of counsel when counsel: (1) called Petitioner's wife as a trial witness; (2) failed to preserve error for appeal; (3) failed to properly object to video-tape evidence; and (4) failed to properly preserve for appeal his objections to the court's refusal to excuse certain potential jurors for cause.

The Texas Court of Criminal Appeals has stated, "[i]t is a rare case in which the trial record will by itself be sufficient to demonstrate an ineffective-assistance claim." *Nava v. State,* 415 S.W.3d 289, 308 (Tex. Crim. App. 2013); *see also Rylander v. State,* 101 S.W.3d at 107, 111 (Tex. Crim. App. 2003) (noting that "trial counsel should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective").  In this case, the appellate court found that the record provided no explanation of trial counsel's motivation regarding his decisions during trial, and that Petitioner's claim of harm was conclusory.  The court determined that from the record on appeal, it could not find that Petitioner received ineffective assistance of counsel.

Petitioner, however, has failed to show that he was prejudiced by the alleged deficiency in appellate counsel's performance.  Petitioner was able to raise his ineffective assistance of counsel claims on state habeas review.  He was also appointed counsel and received an evidentiary hearing on his first state habeas petition.  Petitioner's claims should therefore be denied.

### (C) Claim 5 of Appellate Brief

Petitioner claims he received ineffective assistance of counsel when counsel failed to preserve his fifth point of error on direct appeal. In his fifth point of error, Petitioner argued the trial court erred when it overruled his objection to statements the prosecutor made during closing argument. The appellate court found that this issue was not preserved for appeal. The court also found, however, that if it had been properly preserved for appeal, any trial error did not effect Petitioner's substantial rights. Petitioner therefore has failed to show he suffered the required *Strickland* prejudice when counsel failed to properly preserve this issue for appeal.

### (D) Claims 6 through 8 of Appellate Brief

Petitioner claims he received ineffective assistance of counsel when counsel failed to properly brief claims 6 through 8 in his appellate brief. In claims 6 through 8, Petitioner argued that the trial court erred when it: (6) admitted a videotape of Petitioner taken after the incident; (7) admitted certain photographs taken at the scene; and (8) allowed Officer Laney to testify about Petitioner's wife statement that she was driving when the collision occurred. Appellate counsel raised claims 6 through 8 on appeal, but the appellate court found these claims were inadequately briefed and therefore Petitioner failed to preserve these claims for appeal.

After this appellate decision, Petitioner filed his first state habeas petition. The state habeas trial court found that Petitioner received ineffective assistance of counsel on appeal. The Court of Criminal Appeals then granted Petitioner the right to file an out-of-time PDR, and dismissed these remaining appellate counsel claims without prejudice. Petitioner then filed his out-of-time PDR and acknowledge his trial error claims 6 through 8 were waived because the

appellate court found they were not preserved for appeal.[1] The Court of Criminal Appeals denied the out-of-time PDR. Petitioner then filed his second state habeas petition. The trial court did not enter an order on the petition. It was forwarded to the Court of Criminal Appeals, which denied the petition without written order.

Petitioner argues his appellate counsel's failure to adequately brief claims 6 through 8 resulted in these claims not being reviewed in state court. He states prejudice for these claims must be presumed because he was effectively denied counsel on appeal as to these claims.

The Supreme Court has determined that where a petitioner is completely denied counsel, prejudice may be presumed. *See Penson v. Ohio*, 488 U.S. 75, 88 (1988). Where the claim is that Petitioner had counsel, but that counsel was ineffective, the *Strickland* standard applies. *Id.*; *see also*, *Haynes v. Cain,* 298 F.3d 375, 380-81 (5th Cir. 2002). The Court therefore analyzes Petitioner's claim under *Strickland*.

To support his claim that counsel was ineffective for failing to properly brief claims 6 through 8, Petitioner cites the state habeas trial court's order that his first habeas petition should be granted. The Court of Criminal Appeals, however, issued its own opinion granting Petitioner only the ability to file an out-of-time PDR, and dismissing without prejudice his claims that appellate counsel was ineffective for failing to properly brief claims 6 through 8. Petitioner raised these claims again in his second state habeas, and the Court of Appeals denied the claims.

In his § 2254 petition, Petitioner does not explain how his counsel was deficient and how he was prejudiced as to claims 6 through 8. Claim 6 alleges the trial court erred in admitting a

---

[1]*See Farrell v. State,* 864 S.W.2d 501, 503 (Tex.Crim.App.1993) (stating that before claims may be raised in a PDR" we insist that the parties, in an orderly and timely fashion, provide the courts of appeals with the first opportunity to resolve the various issues associated with the appeal.")

video of Petitioner taken after the accident. Petitioner claims the court failed to conduct the proper balancing test to determine whether the prejudice of admitting the tape was substantially outweighed by its probative value. The appellate brief shows that appellate counsel made this argument. Appellate counsel argued that the trial court found Petitioner's statements were voluntary, but failed to make the properly balancing test. Petitioner has failed to state what further arguments counsel should have made and how there was a reasonable probability that such arguments would have altered the result of the trial. In claim 7, Petitioner argued the trial erred in admitting certain photographs taken at the scene. On appeal, counsel argued that because the State's witness testified she was unable to state whether State's Exhibits 2 through 6 were a true and accurate picture of the scene, the trial court erred in admitting the exhibits. Petitioner fails to state what other arguments his counsel should have made on appeal as to these photographs. Petitioner fails to explain why the photographs should not have been admitted and how he was prejudiced. Finally, in claim 8 Petitioner argues the trial court erred when it allowed Officer Laney to testify that Petitioner's wife told him that she, not Petitioner, was driving when the collision occurred. Appellate counsel argued the testimony did not fall within an exception to the hearsay rule because there were insufficient corroborating circumstances to clearly indicate the trustworthiness of the statement. Petitioner has failed to state what other argument or evidence his counsel should have submitted. Petitioner's claims of ineffective assistance of counsel should be denied.

3. **Summary**

Petitioner is lawfully restrained because he has failed to prove that he has been denied a constitutionally protected interest. Accordingly, the state courts' decision to deny relief is not

contrary to or does not involve an unreasonable application of clearly established federal law and is not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

## IV. Recommendation

For the foregoing reasons, the Court recommends that Petitioner's habeas corpus petition pursuant to 28 U.S.C. § 2254 be denied with prejudice for failure to make a substantial showing of the denial of a federal right.

Signed this 1st day of February, 2017.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).